# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:  )
        )  **JUDGE RICHARD L. SPEER**
James/Eldonna Shelton )
        )  Case No. 09-33192
    Debtor(s)  )
        )

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Motion of Secured Creditor, First Consumer Credit, Inc., for Payment of Legal Fees. (Doc. No. 34). The Debtors have objected to the Creditor's Motion. (Doc. No. 54). Both the Debtors and the Secured Creditor filed Memoranda in support of their respective positions. The Court has now had the opportunity to review the arguments made by the Parties, as well as the entire record in this case. Based upon this review, the Court finds that the Creditor's Motion should be Denied.

## REQUESTED RELIEF

The Secured Creditor, First Consumer Credit, Inc. (hereinafter "FCC"), requests that the Debtors be required to pay $1,114.37 in legal fees. The basis for the requests does not rest on a contractual right, but is rather in the nature of a sanction. According to FCC, the imposition of a sanction is necessary "[b]ecause Debtors refused to voluntarily file a second Amended Plan to correct" deficiencies in the plan that necessitated FCC to file an Objection to the Debtors' first amended plan. (Doc. No. 34, at pg. 2). The facts giving rise to FCC's request for legal fees are not in dispute.

In re: James/Eldonna Shelton
Case No. 09-33192

## FACTS

On May 13, 2009, the Debtors, James and Eldonna Shelton (hereinafter the "Debtors"), filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). At the same time, the Debtors also filed a proposed plan of reorganization. For their bankruptcy case, the Debtors have and continue to be represented by legal counsel, Attorney Deborah K. Spychalski.

At the time they filed their bankruptcy petition, FCC held a claim secured against the Debtors' real property by virtue of an assigned retail installment contract and mortgage. For this obligation, FCC filed a proof of claim, setting forth a secured claim in the amount of $4,249.61. (Cl. No. 1). This proof of claim was filed on June 8, 2009.

Also filing a proof of claim in the Debtors' bankruptcy case was American General Finance. The basis for this claim, listed as unsecured and in the amount of $5,869.55, was for "Money Loaned." (Cl. No. 3). This proof of claim was filed on June 24, 2009.

On June 18, 2009, the Debtors filed an amended plan of reorganization wherein they proposed to pay American General Finance an allowed secured claim of $3,575.51 and to cure a default on this claim in the amount of $674.10. (Doc. No. 18). Despite an earlier objection filed by FCC, no specific treatment of its claim was set forth in the Debtors' amended plan. *Id*. Instead, the Debtors' amended plan assumed that the claims of FCC and American General Finance were one in the same. As taken from the language of the Debtors' amended plan, under the heading of "Other Provisions," it was provided: "Payment to American General Finance, *aka, First Consumer Credit Inc.*, for its entire claim, including arrearages, will be paid by the Trustee inside of the Plan after payment to the priority creditors and administrative claims." *Id*. (emphasis added).

Page 2

In re: James/Eldonna Shelton
Case No. 09-33192

Subsequently, counsel for FCC, Harold M. Hanna, informed Attorney Spychalski that the claim of FCC was independent to that of American General Finance. Based on this, Attorney Hanna, requested that the Debtors file a second amended plan of reorganization to address this particular deficiency. No such amendment was ultimately filed, although Attorney Spychalski did thereafter file an objection to the claim of American General Finance, with this objection being sustained and the claim of American General Finance being disallowed. (Doc. No. 50).

## DISCUSSION

The Motion of FCC for the payment of legal fees arises within the claims' allowance process and within the context of plan confirmation. As such, FCC's request for legal fees is a core proceeding over which the Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1)/(2)(B)/(L).

Under what is known as the American Rule, parties involved in litigation are normally required to bear their own costs for legal fees and cannot have them assessed against the losing party. *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The Rule is "founded on the egalitarian concept of providing relatively easy access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to the commencement of a lawsuit or the assertion of a defense that might have some merit." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 457 (3rd Cir. 2000).

However, the American Rule may, and often is, abrogated by statute, contract, or other specific rule of common law authorizing an award of attorneys' fees. *Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co.*, 549 U.S. 443, 127 S.Ct. 1199, 1203-04, 167 L.Ed.2d 178 (2007). State fee shifting statutes are a common example. *See, e.g.*, O.R.C. § 2335.39 ("Recovery of attorney's fees by certain prevailing parties."). Consistent therewith, in certain

Page 3

In re: James/Eldonna Shelton
Case No. 09-33192

instances, where the parties' agreement and/or applicable law so allows, bankruptcy law will recognize a party's right to recover legal fees. *See, e.g*, 11 U.S.C. § 506(b) (allowing legal fees as part of a claim for oversecured creditors); 11 U.S.C. § 1322(e) (providing that the amount necessary to cure a default, "shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law.").

Additionally, as sought by FCC, legal fees may also be awarded to a party in the form of a sanction. *In re American Telecom Corp.*, 319 B.R. 857, 866 (Bankr. N.D.Ill. 2004). The power of a bankruptcy court to award legal fees as a sanction generally arises from two sources: (1) Bankruptcy Rule 9011; and (2) the inherent authority of the Court to sanction parties for their misconduct.[1] *In Re Kujawa*, 270 F.3d 578, 582 (8th Cir. 2001). In this case, FCC specifically cites to Bankruptcy Rule 9011 as the basis upon which to impose sanctions on the Debtors through an award of legal fees.

Bankruptcy Rule 9011 imposes on attorneys, and also on unrepresented parties, certain obligations with the goal of ensuring that all submissions to a bankruptcy court are, to the extent practicable, truthful and made for a proper purpose. *In re DeVille*, 361 F.3d 539, 543 (9th Cir. 2004). Rule 9011 is the bankruptcy counterpart to Rule 11 of the Federal Rules of Civil Procedure. To implement the Rule, an attorney representing a debtor in a bankruptcy case must sign any submission to the Court. FED.R.BANKR.P. 9011(a). Among other things, the submission to the Court then constitutes a certification that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" the matter is "not being presented for any

---

[1] 11 U.S.C. § 105(a), allowing this Court to issue any necessary orders to carry out the provisions of the Bankruptcy Code, overlaps and helps to implement this inherent authority to issue sanctions.

Page 4

**In re: James/Eldonna Shelton**
**Case No. 09-33192**

improper purpose" and that the "allegations and other factual contentions have evidentiary support[.]" FED.R.BANKR.P. 9011(b)(1)/(3).

In this case, FCC contends that the Debtors' attorney, Ms. Spychalski, violated this Rule based upon this progression of events. First, it promptly brought to the attention of Ms. Spychalski the error contained in their first amended plan wherein the Debtors treated as duplicative the claims of American General Finance and FCC. Second, FCC asked that Ms. Spychalski rectify this situation by filing a second amended plan. Third, despite thereafter filing an objection to the claim of American General Finance, Ms. Spychalski failed to file on behalf of the Debtors a second amended plan, thereby necessitating that FCC incur legal costs as the result of having to file an objection to the Debtors' first amended plan.

Based on these statements, the position of FCC may thus be stated in these terms: Debtors' attorney, Ms. Spychalski, was under a continuing duty to update and modify the Debtors' Chapter 13 plan, and her failure to do so with respect to FCC's claim violated Bankruptcy Rule 9011.

The Sixth Circuit has recognized that the requirements imposed by Rule 11 are continuing and do not end when a document is submitted to the Court. *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988) ("the reasonable inquiry under Rule 11 is not a one-time obligation.") *Michaels Bldg. Co. v. Ameritrust Co.*, 848 F.2d 674, 681 (6th Cir.1988) ("after discovery has been launched, if plaintiffs are still unable to plead a sufficient factual basis for the allegations made against defendants, the spectre of Rule 11 sanctions should guide the actions of plaintiffs' counsel."). The continuing duty applies equally with respect to Bankruptcy Rule 9011. *Runfola & Associates, Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368 (6th Cir. 1996). *See also Timmons v. Cassell (In re Cassell)*, 254 B.R. 687, 691 (6th Cir. B.A.P. 2000) ("Rule 9011 also imposes a continuing responsibility to review and reevaluate pleadings and modify them when it is appropriate").

Page 5

**In re: James/Eldonna Shelton**
**Case No. 09-33192**

At the same time, the imposition of sanctions is a very serious matter. *In re Triple S Restaurants, Inc.*, 342 B.R. 508, 513 (Bankr. W.D.Ky. 2006). Sanctions under Bankruptcy Rule 9011 are, therefore, not to be awarded lightly, but rather should only be imposed against an attorney where there exists a clear breach of that attorney's duties under Rule 9011. *Citrus & Chem. Bank v. Floyd (In re Floyd)*, 322 B.R. 205, 215 (Bankr. M.D.Fla. 2005). This means that, on balance, any doubt should be resolved in favor of the party against whom sanctions are sought. Such doubt exists for the Court in this matter.

First, at the time Attorney Spychalski filed the Debtors' first amended plan of reorganization, American General Finance had not yet filed a proof of claim. Thus, at this juncture, Attorney Spychalski could still have been reasonably operating under the assumption, although later shown to be wrong, that FCC and American General Finance were one in the same entity. The law for Rule 9011 sanctions in this regard is settled: a court "is expected to avoid using the wisdom of hindsight and should test the signor's conduct by inquiring what was reasonable to believe at the time the pleading, motion or other paper was submitted." *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir.1990).

To be sure, Attorney Spychalski's work product may appear to have been operating at below par considering that, prior to filing the amended plan, FCC had filed an objection to plan confirmation, calling attention to the fact that its secured claim had not been provided for in the plan first filed with the Court. Still, this sequence of events remains unchanged: On June 8, 2009, FCC filed its proof of claim; on June 18, 2009, Attorney Spychalski filed the Debtors' amended plan; however, it was not until June 24, 2009, that American General Finance filed its proof of claim.

Consequently, as the claim of American General Finance was not of record at the time the Debtors' amended plan was filed, the Court is unwilling to conclude that Attorney Spychalski filed

Page 6

In re: James/Eldonna Shelton
Case No. 09-33192

the Debtors' amended plan in bad faith. Further supporting this position, there does not appear to be an attempt at subterfuge.

For example, in the Debtors' amended plan, Attorney Spychalski specifically named FCC, setting forth that American General Finance was also known as FCC. Albeit this was not correct. It does, however, lend credence to Attorney Spychalski's good faith assumption that American General Finance and FCC were the same entity. The same can also be said based upon the treatment proposed by the Debtors' amended plan for American General Finance. In the Debtors' amended plan, they proposed to pay American General Finance an allowed secured of $3,575.51 and to cure a default on this claim in the amount of $674.10, with the sum of these figures exactly matching FCC's proof of claim on file.

The requirements of the Bankruptcy Code also mitigate against the imposition of Rule 9011 sanctions. Particularly, the Bankruptcy Code imposes no obligation on a debtor to modify their plan. The Code in this regard is explicit: In § 1321 it is provided that the "debtor *shall* file a plan." (emphasis added). By contrast, amending a plan is permissive, with § 1323(a) of the Code providing that the "debtor *may* modify the plan at any time before confirmation, . . . ." (emphasis added).

To be sure, § 1323(a) may simply be a recognition of the obvious – that after it is first filed, a debtor's proposed plan of reorganization may need to be amended so as so account for circumstances that only later come to light. At the same time, given the Code's permissive handling of plan modifications, the Court is reluctant to place upon a debtor (and by extension their attorney) an affirmative duty to amend a plan which, at the time, was filed in good faith. The Bankruptcy Code's procedural approach to plan confirmation supports this conclusion. Where a creditor finds its treatment in a debtor's proposed plan to be improper, the Code contemplates that the creditor bring the matter to the Court's attention by filing an objection. 11 U.S.C. § 1324(a) (a "party in interest may object to confirmation of the plan."

Page 7

In re: James/Eldonna Shelton
Case No. 09-33192

In short, if a creditor finds its treatment in a debtor's proposed plan to be objectionable, it should promptly file an objection, and not rely on a debtor to file an amended plan. Even so, the Court is not being asked to pass on Ms. Spychalski's responsibilities; the Court is, instead, being asked to impose monetary sanctions. For those reasons stated, the Court is not persuaded that the imposition of sanctions under Rule 9011 is appropriate in this case. The Court, for these same reasons, also declines to exercise its inherent authority to impose monetary sanctions against Ms. Spychalski.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of Secured Creditor, First Consumer Credit, Inc., for Payment of Legal Fees, be, and is hereby, DENIED.

Dated: March 18, 2010

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

This is to certify that a copy of the foregoing has been sent this 18th day of March, 2010 by US Mail to the following:

Harold M Hanna
PO Box 25
700 N Main St

John P. Gustafson
Office of the Chapter 13 Trustee
316 N. Michigan St.
#501
Toledo, OH 43604

Deborah K Spychalski
PO Box 711
Toledo, OH 43697-0711

Janes and Eldonna Shelton
3324 Muirfiled
Toledo, OH 43614

_____
Deputy Clerk